UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HARPER,

        Plaintiff,                               Hon. Paul L. Maloney

v.                                               Case No. 1:20-CV-250

ROBERT SPEAKMAN, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff initiated this action on March 20, 2020, against Robert Speakman, President of Green Cove Springs Marina, and several other individuals. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that save for Plaintiff's claims against Robert Speakman, this action be dismissed for failure to state a claim on which relief may be granted.

## BACKGROUND

This is one of two actions Plaintiff has filed concerning one or more boats he allegedly owns.  *See also, Harper v. Speakman*, Case No. 1:20-cv-249 (W.D. Mich.). While the allegations and defendants in these two actions are not identical, both actions concern the same general subject matter and allegations.  Plaintiff appears to allege that Defendants have acted unlawfully with respect to one or more boats that Plaintiff left in their care.  Specifically, Plaintiff appears to allege that Defendants damaged and/or failed to repair one or more boats Plaintiff owns. Plaintiff also appears to allege that Defendants have threatened to place liens on his property if he fails to pay amounts which are not properly owed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the [f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The allegations in Plaintiff's complaint are cryptic and difficult to decipher, focusing on legal conclusions rather than the facts supporting such. Nevertheless, and giving Plaintiff the benefit of the doubt, the Court finds that Plaintiff has alleged facts sufficient to state a claim against Defendant Robert Speakman. With respect to the remaining Defendants, however, Plaintiff has alleged no facts.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims against Defendant Robert Speakman state a claim and, therefore, should be served and go forward. With respect to the remaining Defendants, however, the undersigned recommends that Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 2, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge